# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Jaime Siguenza

**DEFENDANTS**

Mondo A2B, LLC. d/b/a Mondo A2B and Nicholas Reimondo

**(b)** County of Residence of First Listed Plaintiff  Essex
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Jacob Aronauer, 250 Broadway, Suite 600, New York, NY 10007

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury - Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **SOCIAL SECURITY** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 862 Black Lung (923) | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 863 DIWC/DIWW (405(g)) | |
| | | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI | |
| | | ☐ 555 Prison Condition | ☐ 865 RSI (405(g)) | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | **FEDERAL TAX SUITS** | |
| | | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA
Brief description of cause:
Stolen Wages and Unpaid Overtime

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   06/10/2024

SIGNATURE OF ATTORNEY OF RECORD   *Jacob Aronauer*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions.</u>

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------------------------X

JAIME SIGUENZA on behalf of himself
and others similarly situated,

                              Plaintiff,

          -against-

MONDO A2B, LLC. d/b/a MONDO A2B,
and NICHOLAS REIMONDO, individually,

                         Defendants.

---------------------------------------------------------------------------X

**COMPLAINT**

**CLASS ACTION**

**FLSA COLLECTIVE**

Plaintiff Jaime Siguenza ("Siguenza or Plaintiff"), individually and on behalf of others similarly situated, by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Mondo A2B, LLC. d/b/a Mondo A2B ("Mondo"), and Nicholas Reimondo ("Reimondo"), individually (collectively "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action brought by Plaintiff on behalf of himself and all similarly situated delivery associates ("Drivers") who worked for Defendants to recover unpaid earned wages owed to them pursuant to the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law N.J.S.A. 34:11-56(a) *et seq.*, ("NJWHL") and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 *et seq.*, ("NJWPL"), respectively.

2. Plaintiff brings this action on behalf of himself, and all similarly situated current and former Drivers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour and wage notice provisions of the FLSA, NJWHL, and NJWPL that occurred at Defendants' business.

3.    Plaintiff and the FLSA Collective seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay earned wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA, NJWHL, and NJWPL.

4.    Plaintiff further complains on behalf of himself and a class of other similarly situated current and former Drivers who worked for Defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to unpaid earned wages and attorneys' fees and interest from Defendants for their work under the NJWHL.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b) and (c), and 217; and 28 U.S.C. § 1337.

6.    This Court has supplemental jurisdiction over the New Jersey state law claims under the principles of pendent and ancillary jurisdiction.

7.    Venue is proper in this district under 28 U.S.C. § 1391(b)(c) and 28 U.S.C. § 1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff Jaime Siguenza**

8.    Plaintiff is and was at all times relevant hereto an adult individual residing in Essex County, New Jersey.

9.    From on or about May 2, 2023, until on or about February 21, 2024, Plaintiff worked for Defendants.

10. Plaintiff was employed as a Driver for Mondo.

11. Plaintiff was a covered employee within the meaning of the FLSA, NJWHL, and NJWPL.

**Corporate Defendant Mondo A2B, LLC.**

12. On information and belief, Defendant Mondo is a business incorporated in the State of New Jersey, operating in the transportation industry, with its principal place of business located at 429 Delancey St, Newark, NJ 07105

13. According to the Rose Rocket trucking company directory, Mondo "is an active carrier in Newark, New Jersey. Mondo A2b LLC transports general freight, liquids/gas, beverages, paper, and more."

14. According to Mondo's job listing at salary.com, they are an "Amazon delivery service partner."

15. At all times relevant to this action, Mondo is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

16. On information and belief, Nicholas Reimondo is the owner of Mondo.

17. On information and belief, Reimondo owns and maintains control, oversight, and direction over Mondo.

18. On information and belief, Mondo (1) engages in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

19. Defendant Mondo employs similarly situated employees of the FLSA Collective at all times relevant.

**Individual Defendant Nicholas Reimondo**

20. Reimondo is a person engaged in business in Hudson County, who is sued individually in his capacity as an owner, officer and/or agent of Mondo.

21. On information and belief, information and belief, Reimondo maintains control, oversight and direction over Mondo.

22. On information and belief, Reimondo exercises sufficient control over Mondo to be considered Plaintiff's employer under the FLSA, NJWHL, and NJWPL, and at all times material hereto said Defendant had the authority to hire and fire employees, set employee schedules and conditions of employment, determine rates and methods of payment to employees, and maintain employment records.

23. Reimondo employed Plaintiff and similarly situated employees at all times relevant.

24. Reimondo had substantial and operational control over Plaintiff's working conditions and the practices alleged herein.

## CLASS ALLEGATIONS

25. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

26. Plaintiff brings NJWHL claims on behalf of all persons who worked for Defendants as Drivers any time after May 1, 2018, to entry of judgement in this case (the "Class" or "Class Members," and the "Class Period," respectively) (herein after unless otherwise specified the "Class" refers to all named Plaintiff and the putative class).

27. The persons in the Class are so numerous that joinder of all members is impractical. Although the precise number of such persons in unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, upon

4

information and belief, there are approximately 160 members of the Class during the class period. There are questions of law and fact common to the Class that predominate over any questions affecting only individual members.

28. The claims of the representative parties are typical of the claims of the Class.

29. Plaintiff will fairly and adequately protect the interests of the Class.

30. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where plaintiffs like the Plaintiff here lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants.

31. Defendants have acted on grounds generally applicable to the Class thereby making declaratory relief appropriate.

32. There are questions of law and fact common to the Class which predominate over any questions solely affecting individual members of the Class, including:

    i. whether Defendants illegally withheld or diverted sums from the wages of Plaintiff and the Class;

    ii. whether Defendants failed to pay Plaintiff and the Class all earned wages;

    iii. whether Defendants failed to comply with the record keeping requirements of the NJWHL.

33. Class certification of Plaintiff's NJWHL unpaid wages claims are appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to the Class as a whole. The members of the Class are

entitled to injunctive relief to end Defendants' common and uniform policy and practice of denying them the wages to which they are entitled.

## FLSA COLLECTIVE ACTION ALLEGATIONS

34. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of other similarly situated employees who are current and former Drivers of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

35. Presently, the FLSA Collective consists of approximately 80 similarly situated current and former employees of Defendants who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA, *inter alia*, willfully denying them earned wages.

36. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy involves systematically deducting one hour daily from the employee's paycheck, failing to compensate for all hours worked.

37. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

38. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants and are readily identifiable and

locatable through their records.  These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

39. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with the FLSA; and anything otherwise required by law.

40. Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with the FLSA.

## STATEMENT OF FACTS

### Defendants' General Employment Practices

41. Mondo is a trucking company in New Jersey.

42. At all times relevant to this Complaint, Defendants maintained a policy and practice of deducting one hour daily from the employee's paycheck and by doing so failing to compensate for all hours worked as required by federal and state laws.

43. Plaintiff was a victim of Defendants' common policy and practices, which violated his rights under the FLSA and NJWHL by, *inter alia*, not paying him for all hours worked.

44. Plaintiff did not cross state lines in the course of employment with Defendants.

**Plaintiff and the FLSA Collective and the Class**

45. Defendants employed Plaintiff, the FLSA Collective and the Class of workers as Drivers.

46. Plaintiff, the FLSA Collective and the Class drove trucks loaded and delivered packages on behalf of Defendants.

47. Defendants unlawfully deducted from Plaintiff, the FLSA Collective and the Class at least one hour of each day of work performed.

48. The work performed by Plaintiff, the FLSA Collective and the Class was an integral part of and indispensable to the activities for which they were principally employed by Defendants.

49. Upon information and belief, at any given time there were about 30 employees working as Drivers for Defendants, but due to high turnover, there are at least 160 people in the putative Class.

**Plaintiff's Employment with Mondo**

50. From on or about May 2, 2023, to on or about February 4, 2024, Plaintiff worked on behalf of Defendants.

51. As a Driver, Plaintiff's job duties included driving a truck from Mondo, and delivering packages to assigned destinations.

52. When Plaintiff worked on behalf of Defendants, he was not free to perform his services for any other company.

53. Defendants dictated Plaintiff's work schedule and his salary.

54. Defendants also assigned to Plaintiff's daily routes to deliver packages.

55. Throughout his employment with Defendants, Plaintiff was not compensated for all the hours he worked in compliance with the FLSA and New Jersey wage payment laws.

56. Plaintiff was usually scheduled to work four days a week.

57. Plaintiff usually worked from Wednesday to Saturday.

58. Plaintiff, similar to the FLSA Collective and the Class, received a daily route with the assigned deliveries to drop off packages.

59. Plaintiff usually worked between seven and twelve hours each day for Defendants.

60. Plaintiff and the Drivers were required to cover the entire route assigned to them daily and deliver all the packages they were given to by Defendants.

61. Throughout Plaintiff's employment with Defendants, Plaintiff was required to clock in and clock out daily in the mobile app "Paycom."

62. Plaintiff was also required by Defendants to clock in and clock out during his lunch break.

63. Plaintiff was entitled to an hour of lunch break.

64. At the end of every shift worked by Plaintiff, Paycom showed the time Plaintiff started working, when he took his lunch break, when he returned to work and the time Plaintiff finished his work.

65. At the end of every shift, Paycom also showed the total amount of hours worked by Plaintiff each day.

66. Defendants did this in two ways.

67. First, Defendants claimed that Plaintiff took a longer lunch break than he actually worked. For example, if Plaintiff took a one-hour lunch break, Defendants would say that Plaintiff took one hour and 30 minutes.

68. Second, Defendants would change the time that Plaintiff ended his shift. For example, if Plaintiff ended his day at 6:00pm, Defendants would list 5:30 pm.

69. As a result, Defendants were able to cut an hour or more from Plaintiff's daily working hours.

70. Examples of Defendants unlawfully changing Plaintiff's hours worked is annexed as Exhibit A. The first page is a screen shot kept by Plaintiff of time actually worked and the second page is the unlawful modification by Defendants.

71. Throughout Plaintiff's employment, when Defendants paid Plaintiff, they did not provide him with an accurate notation of the hours he worked.

**FIRST CAUSE OF ACTION**
**New Jersey Wage Payment Law – Failure to Pay Earned Wages**
**(On Behalf of Plaintiff and the Class)**

72. Plaintiff, on behalf of himself and the Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

73. Defendants are employers within the meaning of the NJWP and Plaintiff and the Class are employees within the meaning of the NJWPL.

74. Defendants did not pay Plaintiff and the Class the full amount of wages due to them each pay period.

75. Defendant's actions in failing to pay Plaintiff and the Class their earned wages were willful and not based on any good faith belief and were in violation of the

New Jersey Wage Payment Law N.J.S.A. 34:11-4.10. Plaintiff and the Class are entitled to full payment for all wages due to them that were not paid.

76. As a result of Defendants' NJWPL violations, Plaintiff and the Class are entitled to recover from Defendants unpaid wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NJWPL's wage payment provisions.

**SECOND CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.***
**<u>(On Behalf of Plaintiff and the FLSA Collective)</u>**

77. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78. Throughout the relevant time period, Plaintiff and the FLSA Collective regularly worked in excess of 40 hours per workweek.

79. Defendants consistently and knowingly deduced one or more hours from Plaintiff's and the FLSA Collective daily work hours without compensation, thereby reducing Plaintiff's and the FLSA Collective total weekly hours and unlawfully preventing them from accruing overtime pay for the additional hours worked.

80. At all relevant times throughout Plaintiff's employment, Defendants have operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for all work in excess of 40 hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

81. At all times relevant throughout Plaintiff's employment, Defendants willfully, regularly, and repeatedly failed to pay the required rate of one and one-half times his regular hourly rate for all hours worked in excess of 40 hours per workweek.

82. Defendants' decision not to pay overtime was willful.

83. Plaintiff and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal equitable relief as this court deems just and proper.

### THIRD CAUSE OF ACTION
### New Jersey Wage and Hour Law – Unpaid Overtime Wages
### (On Behalf of Plaintiff and the Rule 23 Class)

84. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85. At all times relevant, Plaintiff and the Class have been an employee of Defendants, and Defendants have been the employer of Plaintiff within the meaning of the NJWHL and the supporting New Jersey Department of Labor Regulations.

86. At all times relevant, Plaintiff was covered by the NJWHL.

87. At all times relevant to this action, Defendants were responsible for paying overtime wages to Plaintiff for each hour worked in excess of 40 in a week at a rate of time and one-half their regular rate of pay.

88. At all times relevant Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half their regular rate of pay.

89. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NJWHL and the supporting New Jersey Department of Labor Regulations.

90. Defendants' failure to pay required overtime was willful.

91. Through their knowledge and intentional failure to pay overtime wages to Plaintiff, Defendants have willfully violated the NJWHL, N.J.S.A. §34:11-56(a), *et seq.* and the supporting New York State Department of Labor Regulations.

92. Due to Defendants' willful violations of the NJWHL, Plaintiff is entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest as provided by the NJWHL.

### FOURTH CAUSE OF ACTION
### New Jersey Wage and Hour Law – Illegal Pay Deductions
### <u>(On Behalf of Plaintiff and the Class)</u>

93. Plaintiff realleges and incorporates by reference all previous paragraphs.

94. Defendant willfully withheld and/or diverted a portion of Plaintiff's wages by routinely taking improper deductions from the wages of Plaintiff.

95. N.J.S.A. 34:11-4.4 provides that: "[n]o employer may withhold or divert any portion of an employee's wages unless: (a) [t]he employer is required or empowered to do so by New Jersey or United States Law.

96. N.J.S.A. 34:11-4.4(b) contains subparts numbered (1) through (11) which identify the legitimate and lawful circumstances under which an employer may withhold or divert sums from their employees' wages.

97. None of the subparts identified in N.J.S.A. 34:11-4.4(b) apply to the claims asserted in this Complaint by Plaintiff.

98. By routinely withholding and/or diverting Plaintiff's wages, Defendants violated N.J.S.A. 34:11-4.4.

99. Defendants systematically took unlawful deductions from Plaintiff's wages, including, *inter alia*, deductions of as much as 4 to 5 hours per week.

100. The NJWHL creates a private cause of action for employees to sue in court for wages claimed to be due. A claim for wages improperly withheld or diverted is a claim for nonpayment of wages due for which there is a private cause of action under New Jersey statutory law.

101. Plaintiff seeks damages in the amount of all improper deductions, as well as any and all available statutory and/or punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff pray for the entry of an order and judgment against the Defendants, Mondo A2B, LLC., and Nicholas Reimondo, as follows:

(a)    Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

14

(b)    Certification of this action as class action pursuant to Rule 23 of the FRCP and appointing the named Plaintiff and his counsel to represent the putative Class;

(c)    Damages for the unpaid wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the costs of the action;

(d)    For pre-judgment and post-judgment interest on the foregoing amounts;

(e)    For the costs and disbursements of this action, including attorneys' fees; and

(f)    For such other further and different relief as this Court deems just and proper.

Dated: June 10, 2024
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

Respectfully submitted,

*/s/ Jacob Aronauer*
Jacob Aronauer
250 Broadway, Suite 600
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

# EXHIBIT A

# HOURS RECORDED BY JAIME SIGUENZA

| Sáb 07/29 | 10.02 Horas |
|---|---|
| EN | 09:00 AM |
| Allocation | |
| SALIDA | 01:30 PM |
| EN | 02:00 PM |
| Allocation | |
| SALIDA | 04:15 PM |
| Horas | 6.75 |
| EN | 04:30 PM |
| Allocation | |
| SALIDA | 07:46 PM |
| Horas | 3.27 |
| Horas Totales | 10.02 |

## Totales Semanales

| Horas Totales | 33.47 |
|---|---|



 Inico   Actualizar   Configura...   Cuenta

# HOURS MODIFIED BY DEFENDANTS

| **Sáb 07/29** | **9.00 Horas** ⌃ |
|---|---|
| EN | 09:00 AM |
| Allocation | |
| SALIDA | 01:20 PM |
| EN | 02:30 PM |
| Allocation | |
| SALIDA | 04:15 PM |
| Horas | 6.08 |
| Comentarios | 💬 |
| EN | 04:30 PM |
| Allocation | |
| SALIDA | 07:25 PM |
| Horas | 2.92 |
| Horas Totales | 9.00 |
| Comentarios | 💬 |

 Inicio  Actualizar  Configura...  Cuenta

# HOURS RECORDED BY JAIME SIGUENZA

| Jue 09/28 | 8.54 Horas ⌃ |
|---|---|
| EN | 09:00 AM |
| Allocation | |
| SALIDA | 01:35 PM |
| EN | 02:05 PM |
| Allocation | |
| SALIDA | 05:22 PM |
| Horas | 7.86 |
| EN | 05:36 PM |
| Allocation | |
| SALIDA | 06:17 PM |
| Horas | 0.68 |
| Horas Totales | 8.54 |
| Vier. 09/29 | |
| Sáb 09/30 | |



   

# HOURS MODIFIED BY DEFENDANTS

| Jue 09/28 | 7.23 Horas ⌃ |
|-----------|--------------|
| EN | 09:00 AM |
| Allocation | |
| SALIDA | 01:10 PM |
| EN | 02:50 PM |
| Allocation | |
| SALIDA | 05:22 PM |
| Horas | 6.70 |
| Comentarios |  |
| EN | 05:45 PM |
| Allocation | |
| SALIDA | 06:17 PM |
| Horas | 0.53 |
| Horas Totales | 7.23 |
| Comentarios |  |

# HOURS RECORDED BY JAIME SIGUENZA

| Vier. 10/27 | 9.56 Horas ∧ |
|---|---|
| EN | 09:00 AM |
| Allocation | |
| SALIDA | 03:14 PM |
| EN | 03:42 PM |
| Allocation | |
| SALIDA | 07:02 PM |
| Horas | 9.56 |
| Horas Totales | 9.56 |
| Sáb 10/28 | ∨ |

| Totales Semanales | |
|---|---|
| Horas Totales | 20.16 |
| Dólares Totales | $0.00 |

**Add Entry**

APROBAR PERÍODO DE PAGO

|  Inicio |  Actualiz |  Configur |  Cuenta |
|---|---|---|---|

# HOURS MODIFIED BY DEFENDANTS

| Vier. 10/27 | 9.05 Horas ∧ |
|---|---|
| EN | 09:00 AM |
| Allocation | |
| SALIDA | 03:05 PM |
| EN | 03:42 PM |
| Allocation | |
| SALIDA | 06:40 PM |
| Horas | 9.05 |
| Horas Totales | 9.05 |
| Comentarios |  |

| Sáb 10/28 | 8.88 Horas ∨ |
|---|---|

### Totales Semanales

| Horas Totales | 28.53 |
|---|---|
| Dólares Totales | $0.00 |

**Add Entry**

 Inicio    Actualiz    Configur    Cuenta

# HOURS RECORDED BY JAIME SIGUENZA

| Miérc. 01/17 | 10.91 Horas✎ |
|---|---|
| EN | 09:00 AM |
| Allocation | |
| SALIDA | 01:50 PM |
| EN | 02:17 PM |
| Allocation | |
| SALIDA | 08:22 PM |
| Horas | 10.91 |
| Horas Totales | 10.91 |

| Jue 01/18 | ⌄ |
|---|---|
| Vier. 01/19 | ⌄ |
| Sáb 01/20 | ⌄ |

### Totales Semanales

| Horas Totales | 10.91 |
|---|---|
| Dólares Totales | $0.00 |

**Add Entry**

 Inicio  Actualiz  Configur  Cuenta

  

# HOURS MODIFIED BY DEFENDANTS

## Miérc. 01/17                    9.84 Horas ⌃

| EN | 09:00 AM |
|---|---|
| Allocation | |
| SALIDA | 01:40 PM |
| EN | 02:55 PM |
| Allocation | |
| SALIDA | 08:05 PM |
| Horas | 9.84 |
| Horas Totales | 9.84 |
| Comentarios | 💬 |